# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 04 CR 1023-12 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ROLANDO ORTIZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

A federal grand jury returned a nineteen-count indictment charging 18 Defendants with various crimes. Count One of the Indictment charges all Defendants, including Rolando Ortiz, in a conspiracy to distribute and possession with intent to distribute crack cocaine. Count Fifteen also charged Ortiz with use of a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony. Presently pending before the Court is Ortiz's Motion for Disclosure of Existence of Informers, Motion for Bill of Particulars, and Motion to Disclose Grand Jury Proceedings.

Specifically, Ortiz is charged in Count One with "conspiracy to possess with intent to distribute and to distribute a controlled substance, namely, in an amount in excess of fifty grams, mixtures containing cocaine base in the form of crack cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2." Count One alleges that Co-Defendant Richard Perez fronted (provided on credit) crack cocaine to Ortiz. On numerous occasions during the course of the conspiracy, the Defendants called to or from cellular telephones and land-line telephones to facilitate their drug transaction. Count Fifteen alleges that "[o]n or about July 1, 2004, at approximately 7:07 p.m. (call #1378 on Target Telephone 2), in the Northern District

of Illinois, Eastern Division," Ortiz used a telephone in committing and facilitating a conspiracy to possess with intent to distribute and to distribute a controlled substance, as charged in Count One.

Ortiz moves for the disclosure of "any informers relied on by the Government for any purposes . . . ."

The Government has a limited privilege to withhold the identity of confidential informants. *See United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001) (*Jefferson*). In making the determination whether an informant's identity should be disclosed, the court must balance the public interest in protecting the flow of information against the defendant's right to prepare a defense. *See Jefferson*, 252 F.3d at 940-41. Factors the court may take into consideration include: the crime charged, the possible defenses, and the possible significance of the informant's testimony. *See Roviaro v. United States*, 353 U.S. 53, 62 (1957). The defendant must demonstrate a genuine need of the disclosure of the informant that outweighs the public's interest in nondisclosure. *See United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993). In order to overcome the limited privilege, the defendant must establish that the disclosure of the informant's identity is either essential to a fair determination of a cause or relevant and helpful to his defense. *See Jefferson*, 252 F.3d at 941.

Ortiz seeks the disclosure of "any" informants relied upon by the Government for "any purpose." Essentially, Ortiz seeks the disclosure of every informant that may have had any role in the over-two-year investigation and ultimate charges. Ortiz's request is overly broad and does not establish that the disclosure of all informants is essential to a fair determination of a cause or relevant and helpful to his defense. Ortiz does not identify any particular allegation or defense in which the identity of the informant(s) would be essential to a fair determination of a cause or relevant and helpful to his defense. Furthermore, the Court has ordered other discovery production,

including disclosure required by 18 U.S.C. § 3500, which will afford Ortiz the opportunity to learn the identity of various government witnesses. Accordingly, Ortiz's Motion for Disclosure of Existence of Informers is denied.

Ortiz also seeks a bill of particulars, arguing that a bill of particulars is needed to provide the details of the charges necessary to the preparation of a defense.

Federal Rule of Criminal Procedure 7(f) allows, in conjunction with the issuance of an indictment, for the filing of a bill of particulars – a more specific explanation of the activities a defendant is accused of having engaged in which are illegal. *See United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (*Canino*). The decision whether to order a bill of particulars is within the court's discretion. *See Canino*, 949 F.2d at 949. A bill of particulars is not required if the indictment sufficiently apprizes the defendant of the charges to enable him to prepare for trial. *See Canino*, 949 F.2d at 949. For conspiracy claims, the indictment need only allege the conspiracy to distribute drugs, the time frame in which the conspiracy was operated, and the statute violated. The Government need not allege specific acts. *See United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir. 1986).

In the indictment here, the conspiracy count against Ortiz sufficiently apprizes him of the charges to enable him to prepare for trial, including the purpose of the conspiracy, the time frame of the conspiracy, the role of the Co-Defendants in the conspiracy, and the statute alleged to have been violated. Furthermore, Count Fifteen specifically identifies the date and time of the alleged telephone call. Accordingly, Ortiz's Motion for Bill of Particulars is denied.

Ortiz also seeks the disclosure of grand jury testimony. Ortiz contends that the disclosure of the grand jury testimony is material and necessary because he believes that: certain witnesses

3

before the grand jury gave inconsistent testimony with others; certain witnesses testified out of fear or duress; and certain individuals testified who were influenced by personal gain, malice, and prejudice.

Before any disclosure of grand jury testimony pursuant to Federal Rule of Criminal Procedure 6(e), the moving party is required to demonstrate a "strong showing of particularized need" for the grand jury materials. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983). The particularized need standard consists of three factors that must be examined by the court:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) (footnote omitted). "[D]isclosure under Rule 6(e) is a rare exception to the rule that grand jury proceedings are closed to the public." *United States v. Campbell*, 294 F.3d 824, 827 n. 1 (7th Cir. 2002).

Ortiz has failed to demonstrate a particularized need for the grand jury transcripts. Ortiz speculates that some of the witnesses testifying before the grand jury may have made inconsistent statements, may have only testified out of fear, and may have had testified in a certain manner because of personal bias or gain. However, such speculation does not constitute a particularized need to avoid an injustice.

Nor has Ortiz demonstrated that the need for disclosure is greater than the need for continued secrecy. Ortiz's mere speculation that the grand jury transcripts may aid in his defense does not outweigh the need for continued secrecy. Furthermore, Ortiz's broad request is not structured to cover only material needed. Instead, he seeks the grand jury transcripts for "any person or persons

4

whose testimony refers to any relationship or contact, combination or conspiracy with the above named defendants." Ortiz has other means to obtain the grand jury transcripts for the individuals that the Government plans to call as witnesses at trial pursuant to 18 U.S.C. § 3500. In fact, the Government has already been ordered by the Court to comply with 18 U.S.C. § 3500. Accordingly, Ortiz's Motion to Disclose Grand Jury Testimony is denied.

For the reasons stated above, Ortiz's Motion for Disclosure of Existence of Informers, Motion for Bill of Particulars, and Motion to Disclose Grand Jury Proceedings are denied.

Dated: October 21, 2005

JOHN W. DARRAH
United States District Judge